**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| v. | : | **CR-06-62ML** |
| | : | |
| | : | |
| **PEDRO MICHAEL GONCALVES** | : | |

**DEFENDANT, PEDRO MICHAEL GONCALVES, MEMORANDUM OF LAW IN SUPPORT OF A FRANKS HEARING**

## I. Brief Statement of the Facts

On May 2, 2006, Detective Scott Sullivan presented a sworn affidavit to Judge Moore in support of a warrant to search the Defendant's person, his home at 406 West Avenue, and property owned by the Defendant's mother at 83-85 Pomona Avenue, 3rd floor Providence. (See Exhibit A)[1] Defendant submits that Detective Scott R. Sullivan knowingly and intentionally, or with reckless disregard for the truth, included false information in his affidavit to obtain a warrant to search the aforementioned locations for drugs or contraband, and that the false information in the statement was necessary to the determination of probable cause to issue the search warrants.

## II. Statement of the Issues

1. The defendant is entitled to a hearing, pursuant to the decision of the United States Supreme Court in Franks v. Delaware, 438 U.S. 154 (1978), insofar as the affidavit presented to secure the authorization of the warrant therein was invalid as containing materially misleading, intentionally false or reckless information.

[1] Attached as Exhibit A are the Receipt for Search Warrant, "State of Rhode Island and Providence Plantations Complaint to Search and Seize Property/or Person , "Search Warrant" and "Search Warrant Affidavit".

2. The warrant affidavit submitted by Detective Sullivan is fatally flawed because the issuing magistrate may have relied on the affiant's descriptions of actions that occurred "remote in time" from the arrest in determining probable cause.
3. There is not independent probable cause to justify the issuance of the warrant to search either the Pomona Avenue or the West Avenue house if the intentionally false and stale information is deleted from the affidavit.

## III. Law and Argument

### A. The Defendant can make the required showing that intentionally false information supplied in the affidavit led to the wrongful issuance of the warrants in this matter.

Under Franks v. Delaware, 438 U.S. 154 (1978), where the "defendant makes a substantial preliminary showing that a **false statement knowingly and intentionally**, or with **reckless disregard for the truth**, was included by the affiant in the warrant affidavit, and if the allegedly false statement is **necessary to the finding of probable cause**, the Fourth Amendment, as incorporated in the Fourteenth Amendment, requires that a hearing be held at the defendant's request." The standard set forth in Franks was recently utilized in the First Circuit in United States v. Tzannos, 460 F.3d 128 (1st Cir. 2006): In order for the warrant to be voided and the fruits of the search to be excluded, the Defendant must demonstrate that the affiant "made a false statement knowingly and intentionally, or with reckless disregard for the truth, (2) make this showing by a preponderance of the evidence, and (3) show in addition that "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." (citing Franks at 156) Defendant and the premises in the instant matter were searched pursuant to a warrant affidavit that contained intentionally false information, and but for the false information, there would be no probable cause for the

warrants to issue. Defendant is entitled to a Franks hearing, and to the application of the Mapp v. Ohio exclusionary rule to the evidence obtained as a result of the illegal searches.

In this Circuit, in United States v. Vigeant, 176 F.3d 565 (1st. Cir. 1999) the "Defendant-appellant's conviction for being a felon in possession of a firearm was vacated and remanded for further proceedings. The agent's unsupported conclusions of material facts were at least reckless. The appellate court concluded that a reasonable officer would have known that he should not have applied for the warrant. The Court further stated that the evidence seized should have been excluded because it would serve as an effective deterrent to the police". A large portion of the false information in the instant affidavit is information allegedly provided by a confidential source, called "Source One" by the affiant, Detective Sullivan. On page one, paragraph three of the affidavit, Source One allegedly provided Detective Sullivan with information that there is a "large pit bull" kept in the basement of 406 West Avenue, that Defendant carried a .38 or .25 caliber pistol. A search of both apartments indicate that neither a pit bull nor any other type of dog was found on the premises. There was no evidence that any dog had ever been kept at either apartment or basement that was searched.[2] Clearly this misrepresentation contributed to Judge Moore signing and issuing the search warrants for the apartments at West Avenue and Pomona Avenue. Additionally, there was no .25 or .38, or similar caliber weapon found on the Defendant or the premises searched. Clearly

[2] There were no dog bowls, no dog hair, no dog toys, or any other sign of a dog at either location that was searched.

this misrepresentation contributed to the Magistrate signing and issuing the search warrants for the Pomona and West Avenue locations.

Important and relevant information, that would be expected to be provided to support the reliability of the informant, is conspicuously missing from the information allegedly provided to the affiant by Source One. On page three of the affidavit, Detective Sullivan describes a meeting that allegedly occurred between Source One and Goncalves for the illegal sale of drugs. The affiant provides a deliberately broad range for the date and time of the meeting: "on or between 4/27/06 and 05/02/06." Affiant states that "Source One was provided with a quantity of official funds and then instructed to call telephone number (401) 632-5246 and make contact with Goncalves." Affiant further states that "Source One spoke to Goncalves and arranged to purchase a quantity of crack cocaine." Defendant Goncalves denies ever speaking with Source One.

Attached as Exhibit B are the subpoenaed cell phone records of the Defendant's number, 401-632-5246. There are no telephone calls to Mr. Goncalves' cellular telephone between the date range of 4/27/06 and 5/02/06 that could have originated from a telephone allegedly utilized by Source One. There is also no indication in the affidavit that the affiant observed the telephone number dialed before the informant hit the send button, or any other confirmation that the informant dialed the Defendant's telephone number. The affiant goes on to state that "A short time later members of the surveillance team observed Goncalves exit the residence (83-85 Pomona Avenue) and meet with Source One at the pre-arranged location." No mention is made of who on the "surveillance team" identified Goncalves exit the residence and where this member of the "surveillance team" observed Goncalves meet with Source One. Goncalves denies that

he ever met with or sold drugs to "Source One."[3]

There is no reliable information that directly links the cocaine allegedly recovered from Source One during the controlled buy with Goncalves. There is no information in the affidavit that Source One was constantly in the sight of the affiant, such that Source One did not have an opportunity to drop the government funds, or make an exchange with someone else purchasing drugs along the way to the alleged meeting with Goncalves. None of the serialized government purchase funds allegedly used were ever recovered in the search of Defendant's person or during the search of the Defendant's home.

The affidavit provides that following the purchase with the serialized funds, the affiant performs a field test on the substance and it is positive for cocaine. The substance is sealed in an evidence bag. Conspicuously missing from this account of the alleged transaction between Source One and Goncalves and subsequent collection of evidence is an estimate by affiant of the quantity of cocaine allegedly purchased and the amount of official funds exchanged. Defendant denies he sold drugs to the informant and denies Source One paid him any government funds. Assuming Source One met with anyone, the Defendant is not the person the informant met with on the day of the controlled purchase.

In determining whether an informant's tip establishes probable cause for issuance of a warrant, the approach to be used by the magistrate is the "totality of the circumstances" approach as established by the Supreme Court in Illinois v. Gates, 462

---

[3] There is no photograph of the alleged meeting between Source One and the Defendant as is standard D.E.A./state police practice. There is no recording of the conversation Source One allegedly had with the

U.S. 213, 214 (1983): "The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate has substantial basis for concluding that probable cause existed." Without the faulty information from Source One, the magistrate would not have had probable cause to issue a warrant in this situation.

**B. The Defendant can show that the warrant is fatally flawed because the magistrate relied on the affiant's description of "remote in time" actions to determine probable cause.**

The affiant intentionally supplies the magistrate with stale information in order to buttress probable cause for the warrants to issue. In the third paragraph of the affidavit, the affiant provides that "Source One" had provided reliable information "in the past." There is no specific information regarding the reliability of Source One, other than the blanket statement that he has been "reliable in the past" and that he has "never provided false or misleading information." In order for the affiant to be able to rely on this informant, the affiant should give recent examples, such as of a specific cases where the affiant was able to rely on the informant.

Also included in the affidavit, near the beginning of the second page, is stale information from a search of the Defendant's apartment more than three years ago that turned up nothing. The implication made by the affiant is that even though a search performed over three years ago turned up neither drugs nor weapons; the Defendant was

---

individual Source one allegedly purchased drugs from.

guilty and must have merely hidden or concealed the contraband. In the narrative of the October 2003 search is the statement that "During the search a large amount of US Currency was located inside Goncalves' bedroom." Having cash is not a crime. There is no information in the affidavit that the money was illegally obtained, and there is no specific information regarding the actual quantity of money. However, the inference is that because there was a substantial amount of money that the Defendant must have been involved in drug trafficking. Was it $100 or $10,000?[4] The reader is left to speculate. This stale information is included to mislead the reader into assuming that Goncalves was guilty of a crime, and narrowly escaped prosecution.

**C. Once removing the information regarding the intentionally false information, and the stale information, probable cause for the warrant to issue for either of the locations searched is still lacking.**

If one reviews all of the false misleading information allegedly provided by an informant, and all of the stale information improperly provided, and this information is removed, the affidavit certainly lacks probable cause to search either residence. Interestingly enough, if all of the inaccurate and stale information is taken as true and proper, there still is lacking sufficient independent probable cause to search either the Pomona Ave. or the West Ave. residences.

**1. Residence at West Avenue**

The affidavit, even if taken as true, lacked the necessary information to form probable cause to search Defendant's residence at West Avenue. Source One does not

---

[4] The money found in the apartment was $700 that the Defendant's mother collected from a tenant and was in an envelope marked "rent." The money was not seized by the Pawtucket Police Department officers who searched the apartment.

provide that he has ever seen cocaine or weapons stored at the West Avenue residence. The affiant does not state that he has ever seen cocaine or weapons stored at the West Avenue residence. Source One does not state that he has ever seen the Defendant carry cocaine or weapons from the West Avenue residence. The affiant does not state that he has ever seen the Defendant carry cocaine or weapons from the West Avenue residence. If neither the affiant nor the Source have seen cocaine or weapons at or removed from the West Avenue residence, there was not probable cause for a search warrant to issue to search the residence for these items. One of the requirements that must be shown is the affiant or Source One's basis of knowledge, as set forth in the Aguilar-Spinelli test. See Spinelli v. United States, 393 U.S. 410 (1969); Aguilar v. Texas, 378 U.S. 108 (1964). Although the assessment has since been established as "totality of the circumstances," the court will should consider "informant's veracity, reliability and basis of knowledge," Id. at 230.

**2. Residence at Pomona Avenue**

Neither the affiant nor the informant states that either has ever seen cocaine or weapons stored or at the Pomona Avenue residence. Neither the affiant nor the informant states that either has seen the Defendant remove cocaine or weapons from the Pomona Avenue residence. The affiant merely justifies his decision to ask for a warrant to search these properties on the grounds that the affiant has viewed the Defendant's cars at two different locations at different times of day, that the Defendant must therefore be living at the location where his car was in the early morning and storing drugs at the other location: "It is your affiant's experience that individuals involved in the sale and distribution of narcotics often attempt to insulate themselves from prosecution.. by

keeping their narcotics and illegal proceeds separate from their primary residence." The affiant shows no regard for whether or not his assumptions are valid. Based on the affidavit of the Defendant, and the telephone records, no criminality on the part of this defendant was ever observed by the affiant so as to arrive at the information presented by the affiant to obtain a warrant in this matter.

The affidavit authored by Officer Sullivan contains materially misleading, false and recklessly supplied information such as requires a hearing pursuant to the decision of the United States Supreme Court in Franks v. Delaware, 438 U.S. 154 (1978), and its progeny. If the Court excises all of the affiant's misleading statements from the Affidavit pursuant to Franks, the remaining statements are conjectural generalizations by Detective Sullivan, and do not amount to a showing of probable cause.

Again, Given Officer Sullivan's representations, it is painfully evident that the statement regarding the defendant's supposed involvement in these narcotics transactions, that the evidence supplied to the issuing court regarding the same is that very sort of knowing and intentional misrepresentation of a material fact as would warrant the exclusion of this evidence. United States v. Vargas, 931 F.2d 112, 114 (1st Cir 1991). This alone more than satisfies the defendant's burden of making a substantial preliminary showing of a misrepresentation of a material fact as required by Franks. Supra at 155. The affidavit is demonstrably false and must be stricken.

The ultimate evidentiary decision for the court to consider is whether this defendant can establish by a preponderance of the evidence, at a Franks hearing, whether,

1. the affidavit was perjurious, or prepared with reckless disregard for the truth; and
2. whether the affidavit, without the false material is sufficient to establish probable

cause for the search.

If so, the warrant is void and the fruits of the search must be suppressed. Franks, 438 U.S. at 155-156. United States v. Barnett, 989 F.2d 546, 556 (1st Cir. 1993).

As regards the second prong, it is axiomatic that without the false information provided to the District Court judge, in this case, Judge Moore, there was no basis in fact or law as would have justified the issuance of a warrant. With regard to the former prong, an evidentiary hearing must be held in order to determine whether the affiant prepared this affidavit knowing, in sum and substance, that these prior transactions never occurred, for which the defendant contends there can be no other explanation.

An assertion made with reckless disregard for the truth when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his or her statements or had obvious reasons to doubt the accuracy of the information he or she reported. That assertion, moreover, must be material to the finding of probable cause. See United States v. Riveria, 750 F.Supp. 614, 617 (S.D.N.Y 1990). In the instant case, it is undisputable that the statements provided to the court, in light of Mr. Goncalves statements, were material. Absent the same, probable cause would have not existed as would justify the exclusion of the issuance of a warrant. The Pawtucket Police knew, or should have know that the information contained therewith supplied was false and perjurious.

CONCLUSION:

WHEREFORE, for all the foregoing reasons, the Defendant, Pedro Michael Goncalves, prays that this Honorable Court Order a Franks hearing, and, thereafter, to suppress from introduction into evidence any and all evidence, of whatever nature and

kind, derived from the execution of the warrant secured by means of the affidavit presented to Judge Moore of Rhode Island District Court.

Respectfully Submitted,
Pedro Michael Goncalves,
By His Attorney,

______________________

David Cooper, Esquire
R.I.Reg. 1981
127 Dorrance Street
Providence, Rhode Island 02903

**CERTIFICATION OF SERVICE**

I hereby certify that on this 16th day of November, 2006, this document has been filed electronically, and is available for viewing and downloading to the following counsel of record registered with this Court's ECF system. Paper copies will be served on non-registered attorneys of record, if any:

Sandra Beckner
Assistant United States Attorney
Office of the United States Attorney
50 Kennedy Plaza
8th Floor
Providence, Rhode Island 02903

s/ David Cooper______________