**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-062ML** |
| | : | |
| **PEDRO MICHAEL GONCALVES** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A *FRANKS* HEARING**

## INTRODUCTION

The defendant contends that the Court should conduct a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), based upon his assertion that the affidavit in support of the search warrants for the defendant's residence and "stash" house contain several false statements. The defendant's arguments are without merit.

## FACTS

On May 2, 2006, Detective Scott Sullivan, a Special Federal Officer with High Intensity Drug Trafficking Area (HIDTA) Taskforce, submitted a complaint and supporting affidavit to Rhode Island District Court Judge Patricia D. Moore seeking the issuance of search warrants for the defendant's residence at 406 West Avenue, Pawtucket, Rhode Island, and the defendant's "stash" house at 83-85 Pomona Avenue, 3rd Floor, Providence, Rhode Island. That affidavit, a copy of which is attached, set forth facts and circumstances relating to the storage and distribution

of crack cocaine by the defendant; as well as the connection between the defendant, the unlawful activity and the two addresses. After reviewing the complaint and affidavit, Judge Patricia D. Moore signed and issued search warrants for the defendant’s residence at 406 West Avenue and stash house at 83-85 Pomona Avenue.

On May 3, 2006, members of the HIDTA Taskforce, set up surveillance on 83-85 Pomona Avenue. They observed the defendant leave the residence in a Lincoln Continental, and they followed him. Before the HIDTA Taskforce could arrange for a patrol car to stop the defendant, he began to speed away. When police observed the defendant talking on the phone, detectives became concerned that the defendant was calling an accomplice to destroy the evidence. The decision was made to execute their search warrants.

While members of the HIDTA Taskforce continued to follow the defendant, they made arrangements for the warrants to be executed. Still trying to evade law enforcement, the defendant crashed his vehicle into a fence near 406 West Avenue and began to flee on foot. He was eventually caught after a foot chase.

Detective Sullivan and other members of law enforcement executed the search warrant at 406 West Avenue. While searching 406 West Avenue, the officers located and seized a number of items, including crack cocaine, drug paraphernalia, 9mm shell

casings and currency. While they were searching the residence, Special Agent (SA) Jeff Cady with the Federal Bureau of Investigation (FBI), searched the defendant's vehicle. SA Cady recovered cocaine from the gas cap and a fully loaded firearm secreted in the engine compartment.

Other members of the HIDTA Taskforce simultaneously searched 83-85 Pomona Avenue. While searching 83-85 Pomona Avenue, the officers located and seized a number of items, including crack cocaine, drug paraphernalia, and paperwork in the name of the defendant.

## ARGUMENT

The starting point for any inquiry regarding a Franks v. Delaware hearing ("Franks hearing") is that "a presumption of validity [exists] with respect to the affidavit supporting [a] search warrant." Franks v. Delaware, 438 U.S. 154, 171 (1978).

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the

> alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

Id. at 171-72.

The Supreme Court took great pains in the Franks case to make sure that lower courts did not interpret this ruling to enable defendants to abuse such hearings. The Court pointed out that the truthful showing required by the Fourth Amendment,

> [D]oes not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily.

Id. At 165.

To obtain a Franks hearing, the defendant must first make "a 'substantial preliminary showing' that (1) a false statement, (2) knowingly and intentionally, or with reckless disregard for the truth, was included in the warrant affidavit, and (3) the allegedly false statement is necessary to the finding of probable cause." United States v. Ranney, 298 F.3d 74, 78 (1st Cir. 2002) (citing Franks, 438 U.S. at 155-56); see also United States v. Southard, 700 F.2d 1, 8 (1st Cir.), cert. denied, 464 U.S. 823 (1983). Evidence of negligence or innocent mistakes is insufficient. Franks, 438 U.S. at 171.

Here, the defendant attempts to meet his burden of making a substantial preliminary showing by submitting a sworn affidavit denying certain facts included in the affidavit. In his

affidavit, the defendant makes a general allegation that two of the factual allegations contained within the search warrant affidavit are false. The defendant does not, however, support his bare allegations with any reliable facts. See United States v. Higgins, 995 F.2d 1, 4 (1st Cir. 1993) (defendant's "conclusory assertions and insufficient offers of proof" do not satisfy his burden for a Franks hearing).

First, the defendant attempts to bolster his claim that Source One did not call him to arrange the controlled purchase of narcotics by submitting two pages of a telephone record. This incomplete record of what appears to be a phone bill, however, does support defendant's claim. The appropriate records to show incoming and outgoing phone calls to a particular phone are the service provider records, i.e., toll records. The billing records do not show this information.

That being said, even if the defendant did provide toll records showing that the defendant did not receive any incoming calls to phone number (401) 632-5246 during the relevant time period, this would not establish that Detective Sullivan lied in his affidavit. Detective Sullivan's affidavit states that Source One was "instructed to call telephone number (401) 632-5246 . . . Source One spoke to Goncalves." Regardless of what the telephone records reflect, there is no reason to believe that Detective Sullivan did not instruct Source One to call the number.

Likewise, there is no evidence Detective Sullivan deliberately included false information in his affidavit when he said Source One spoke with the defendant. See United States v. Tzannos, 460 F.3d 128, 138 (1st Cir. 2006) (recognizing that the Franks requirements cannot be satisfied by an allegation showing that the informant relayed misinformation to the affiant); see Southard, 700 F.2d at 10 ("Franks' requirements cannot be satisfied by a showing that an informer lied to an unsuspecting affiant, even when the lie was deliberate."). The informant's phone call was placed in Detective Sullivan's presence, and while he may not have seen which number was dialed, information from Source One and the ensuing observed purchase of narcotics from the defendant, makes his statement in the affidavit, "Source One spoke to Goncalves," a logical and reasonable conclusion, as opposed to a reckless disregard for the truth, or a deliberate falsehood.

Furthermore, Source One had proved to be reliable in the past. Specifically, to Detective Sullivan's knowledge, he had never received false information from Source One. Also, previous information that Detective Sullivan had received from Source One led to arrests and convictions. Given that Source One had been a reliable source of truthful information in the past, Detective Sullivan was not reckless in relying upon Source One's information in this case, especially in light of the

corroboration included in the affidavit. See, e.g., United States v. Barnard, 299 F.3d 90, 93 (1st Cir. 2002) (the credibility of an informant is enhanced by the government's relationship with the informant, the fact that the informant demonstrates first-hand, detailed knowledge, and the informant's reliability in the past, as well as corroboration of the informant's information).

In addition to claiming that the phone conversation with Source One did not occur, the defendant also denies meeting with Source One. From this, the defendant asserts that Detective Sullivan must have been lying when he stated in his affidavit that the meeting occurred. Yet, the defendant provides no support for this allegation. Instead, he argues that, since the affidavit does not state whether Source One was followed to the pre-arranged location and does not state whether "buy" money was seized from the defendant, his claim must be true. However, this does not negate what the affidavit clearly states; namely, that after Source One was instructed to call the defendant and did in fact place a call ordering narcotics in Detective Sullivan's presence, law enforcement then observed the defendant exit 83-85 Pomona Avenue and meet with Source One. There is nothing deliberately false or reckless in Detective Sullivan's reliance upon the observations of other members of law enforcement. Thus,

once again, the defendant's factual challenges to the affidavit fall short.

The defendant also argues that Detective Sullivan must have lied since he included information from Source One that the defendant had a large pit bull guarding his drugs, and no pit bull was found during the execution of the warrants. First, just because a dog was not found, does not mean a dog did not exist. Moreover, whether the defendant had a guard dog is completely irrelevant as to whether there was probable cause to believe that drugs were stored in the two residences. See Southard, 700 F.2d at 9 ("To warrant a Franks hearing, the false statement must be necessary to the finding of probable cause."). Lastly, even if the defendant's pets were crucial to the warrant application, in making this argument, the defendant misconstrues the standard. It is not necessary that the affiant's information be correct; it is only required that it be truthful, that is, the information must be "believed or appropriately accepted by the affiant as true." See Franks, 438 U.S. at 165.

By including this information from Source One, Detective Sullivan relayed information from an informant who had been reliable in the past. The fact that a dog was not found, does not indicate that Detective Sullivan lied, or that he was reckless in relying upon his proven informant. It also does not undermine Judge Moore's finding of probable cause. See, e.g.,

United States v. Diallo, 29 F.3d 23, 26 (1st Cir. 1994) (the fact that not all aspects of the informant's information proved to be correct did not negate probable cause).

Another equally meritless challenge to the affidavit raised by defendant is that he claims Detective Sullivan lied when he put in his affidavit information from Source One that the defendant carries a small, semi-automatic pistol "possibly a .380 or .25 cal" pistol. The defendant then argues such a pistol was not seized from the defendant, therefore Detective Sullivan was lying. Although a .38 or a .25 caliber pistol was not seized from the defendant, SA Cady did find a loaded .45 caliber handgun hidden in the defendant's vehicle. Also, 9mm shell casings were recovered from the basement at 406 West Avenue. And once again, even if the defendant could demonstrate that the informant was untruthful, the veracity of the informant is not the issue - the question is the truthfulness of Detective Sullivan. For the reasons stated above, Detective Sullivan was not reckless in relying upon information from his reliable, corroborated informant.

The final point raised by the defendant is that Detective Sullivan's affidavit contains stale information. Defendant maintains that it was improper to include older information in the affidavit. While older information alone may not satisfy the requirements of probable cause, contrary to defendant's

assertion, there is nothing inappropriate with putting such information in the affidavit. See United States v. Keene, 341 F.3d 78, 81-82 (1st Cir. 2003) (probable cause existed for a warrant based upon corroborated information provided by informants over a ten-year period that was updated with new information acquired during the month prior to application).

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's motion for a Franks hearing.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATION

I hereby certify that on December 6, 2006, a copy of the within "Government's Response to Defendant's Motion for a *Franks* Hearing" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. David Cooper
127 Dorrance Street
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj