**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR-06-62ML** |
| | : | |
| | : | |
| **PEDRO MICHAEL GONCALVES** | : | |

**DEFENDANT, PEDRO MICHAEL GONCALVES', REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

## I. NO EXCEPTION TO THE WARRANT REQUIREMENT APPLIED

The Government asserts in its "Response to the Defendant's Motion to Suppress" that Special Agent Jeff Cady had probable cause to search the Lincoln Continental, and therefore, was justified in conducting a warrantless search of the vehicle. The Government does not specify any exception to the warrant requirement that justifies the officer's warrantless search of the Lincoln Continental after the defendant exited the vehicle on May 2, 2006, and does not concede an exception was necessary. The Government's position that neither a warrant nor an exception is required is not reasonable: "Warrantless searches are per se unreasonable under the Fourth Amendment- subject only to a few specifically established and well defined exceptions." *Mincey v. Arizona*, 437 U.S. 385, 390-91 (1978). In *Mincey*, the state of Arizona attempted to carve out a new exception. The Arizona Supreme Court ruled that a "reasonable, warrantless search of the scene of a homicide—or of a serious personal injury with likelihood of death where there is on reason to suspect foul play—does not violate the Fourth Amendment to the United States Constitution where the law

enforcement officers were legally on the premises in the first instance." *Id.* at 389-90. The United States Supreme Court, however, rejected this exception and held the search invalid, even though the scope of the search was limited to items related to the crime of murder. The state of Arizona's policy concerns were the "vital public interest in the prompt investigation" *Id.* of murders and efficiency of law enforcement. Neither consideration proved persuasive to the United States Supreme Court: "the mere fact that law enforcement may be made more efficient can never, by itself, justify disregard of the Fourth Amendment." *Mincey v. Arizona* at 393 *citing Coolidge v. New Hampshire*, *supra* at 481. The Supreme Court in *Mincey* emphasized that the government bears the burden of proving the lawfulness of a warrantless search.

In order for a magistrate to uphold the introduction into evidence of the fruits of a warrantless search, the Government must meet its burden of successfully arguing which exception to the warrant requirement, if any, applied. As already detailed in Defendant's Memo in support of his Motion to Suppress, the government will not be able to meet its burden of demonstrating that the search of the vehicle was permissible under any doctrine or exception to the warrant requirement.

## II. ABSENT EXIGENT CIRCUMSTANCES, AN OFFICER'S ASSERTION OF PROBABLE CAUSE DOES NOT CURE THE FAILURE OF THE OFFICER TO OBTAIN A WARRANT

Special Agent Cady was without Fourth Amendment authority to conduct a warrantless search based on his personal opinion of the existence of probable cause. A determination of whether probable cause existed to search the vehicle should have been

made by a "neutral and detached magistrate." *Johnson v. United States*, 333 U.S. 10, 14 (1948).

Exigent circumstances may form the basis of an exception to the warrant requirement. The Court in *Chambers v. Maroney*[1] set forth what exigent circumstances justify the warrantless search of an automobile: the car is "movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained." " The opportunity to search is fleeting." *Id.* There were no exigent circumstances that justified S.A. Cady's immediate, warrantless search of the vehicle. At the time of the search, the defendant was locked in a police car and the Lincoln Continental was parked in a driveway and locked. There were several officers present on the scene where the car was parked. If probable cause existed to search the vehicle, one of the officers should have contacted a magistrate, by telephone or otherwise, and secured a proper warrant to search the vehicle.

The Government suggests that the defendant's exit from the vehicle and flight from the police contributed not to exigent circumstances, but to the formation of probable cause to search the vehicle. This argument can not be supported by either the law or the facts. In the instant case, a marked police cruiser was parked down from the house and was blocking the street down from which the defendant was traveling before he stopped. Flight by the defendant on foot, after the officers got out of an unmarked vehicle and attempted to apprehend him, suggests nothing more than the defendant's anticipation he would be apprehended and his unwillingness to be apprehended. There is no evidence that the defendant was even aware he was being followed by the unmarked police car prior to his exit from the vehicle. The Lincoln Continental was never stopped on a busy

[1] 399 U.S. 42 (1970).

highway or positioned in the middle of a street. The defendant scraped his mother's bumper as he parked and the Government's characterization of the defendant's parking as a crash is improper. After the defendant parked the vehicle, the vehicle, and its compartments were locked.

Assuming there had been exigent circumstances surrounding the defendant's arrest, the circumstances, if any, were a result of the manner in which the police orchestrated the arrest of the defendant. As stated in the warrant affidavit, the police had been conducting surveillance for some time, and had some control over the manner in which the defendant was apprehended. The police are not permitted to create exigent circumstances and benefit from them: "a warrantless search is illegal when police possess probable cause but instead of obtaining a warrant create exigent circumstances." United States v. Santa 236 F. 3d 662 (11th Cir. 2000) *citing United States v. Tobin*, 923 F.2d 1506 (11th Cir. 1991). [2]

## III. THERE WAS NO PROBABLE CAUSE

*Coolidge v. New Hampshire*, 403 U.S. 443 (1971) is a detailed analysis from the Supreme Court that contains useful guidelines on the boundaries of warrantless searches, the definition of probable cause, and the determination of exigent circumstances. The Government, in its response, attempts to distinguish the facts of police misconduct in *Coolidge v. New Hampshire*, from Special Agent Cady's warrantless search. Contrary to

---

[2] *United States v. Santa citing United States v. Lynch*, 934 F.2d 1226, 1232 (11th Cir. 1991): "The mere presence of contraband, however, does not give rise to exigent circumstances." "The test of whether exigent circumstances exist is an objective one." Also, *United States v. Santa citing Tobin*, 923 F.2d at 1510: '[T]he appropriate inquiry is whether the facts ... would lead a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured.' *(quoting United States v. Rivera*, 825 F.2d 152, 156 (7th Cir.1987)).

the Government's contention, the most important distinction between *Coolidge* and the instant matter is not favorable to the Government's argument. In *Coolidge*, a warrantless search of the vehicle was improper because there was probable cause, but "no exigent circumstances justified the police in proceeding without a warrant." Here there was neither probable cause nor exigent circumstances to justify the warrantless search of the Lincoln Continental.

The Government also places misguided reliance on the decision of the D.C. Circuit Court of Appeals in *United States v. Ross*[3] to support its contention that a warrant was unnecessary. *Ross* and the instant matter have very little in common. In *Ross*, a confidential informant specified that an individual was selling drugs from the trunk of his car and was located at a specific location at a specific time. Officers immediately drove to the specific location, and with probable cause to stop the defendant, searched the trunk of the vehicle. After immediately stopping the vehicle, the police conducted a warrantless search of the trunk of the car and all of the containers in the trunk of the car. In the case of Mr. Goncalves, the information provided by the confidential informant was stale and there was no probable cause to stop the Lincoln Continental. There was sufficient time to obtain a warrant when and if probable cause developed at the scene, and there were **no** specific allegations that the defendant stored **drugs** or a **weapon** in the Lincoln Continental.

As described in "Defendant's Memorandum of Law in Support of a Franks Hearing," the warrant affidavit submitted by Detective Sullivan in order to obtain the search warrants of the residences at Pomona Avenue and West Avenue were flawed. The affidavit presented to secure the authorization of the warrant therein was invalid as

---

[3] 456 U.S. 798 (1982).

containing materially misleading, intentionally false or reckless information. The issuing magistrate may have been misled in reliance on the affiant's descriptions of actions that occurred "remote in time" from the arrest in determining probable cause. There was no independent probable cause to justify the issuance of the warrant to search either the Pomona Avenue or the West Avenue house if the intentionally false and stale information is deleted from the affidavit.

One can only speculate why Detective Sullivan failed to obtain a warrant to search the Lincoln Continental if there was any semblance of probable cause to search the Lincoln Continental when he obtained the warrants to search the two addresses. On page 5 of the Government's Response to the Defendant's Motion to Suppress, the Government relies principally on the flawed warrant affidavit. The officer states that "During surveillances of the residence your affiant has observed a male known to him as Pedro Goncalves leaving the residence inside the white Lincoln Continental." The warrant affidavit lacks a single allegation that the defendant was observed, either by the officers conducting the surveillance of the defendant or by the confidential informant, placing drugs, containers that could hold drugs, or weapons in the Lincoln Continental. The affiant alleges that the Defendant "is storing and distributing crack cocaine from his apartment." Detective Sullivan obtained a "No Knock" search warrant of the homes based on his statement that announcing the presence of law enforcement would allow time for the defendant to gain access to a weapon or have an opportunity to destroy evidence.

No additional information obtained on the scene led to the accretion of probable cause prior to the search of the white Lincoln Continental by Special Agent Cady. The

search warrants of the homes were executed simultaneously with the commencement of the search of the Lincoln Continental. The Government has not alleged that there were any exigencies that prevented Special Agent Cady from contacting a magistrate by telephone to obtain a search warrant at the scene or that towing the vehicle and obtaining a search warrant for a later occasion was prohibitive.

## IV. CONCLUSION

The products of the illegally conducted search of the Lincoln Continental must be excluded. Allowing a law enforcement officer to make an on the scene judgment of whether there was probable cause to conduct a search of the vehicle, absent exigent or other extraordinary circumstances, and without a recognized exception to the warrant requirement, is without justification and exceeds the boundaries of Fourth and Fourteenth Amendment protection.

WHEREFORE, for all the foregoing reasons, the Defendant, Pedro Michael Goncalves, prays that this Honorable Court order the suppression of the cocaine and handgun from introduction into evidence, and any additional evidence derived from the improper search of the passenger area, fuel compartment, and engine compartment of the white Lincoln Continental on the date of the Defendant's arrest.

Respectfully Submitted,
Pedro Michael Goncalves,
By His Attorney,

s/ David Cooper
R.I.Reg. 1981
127 Dorrance Street
Providence, Rhode Island 02903
(401) 273-1880

**CERTIFICATION OF SERVICE**

I hereby certify that on this 29th day of December, 2006, this document has been filed electronically, and is available for viewing and downloading to the following counsel of record registered with this Court's ECF system. Paper copies will be served on non-registered attorneys of record, if any:

Sandra Beckner
Assistant United States Attorney
Office of the United States Attorney
50 Kennedy Plaza
8th Floor
Providence, Rhode Island 02903

s/ David Cooper