IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | Cr. No. 06-062ML |
| | ) | |
| PEDRO MICHAEL GONCALVES | ) | |

# GOVERNMENT'S TRIAL MEMORANDUM

## I. The Indictment and Elements

The indictment charges PEDRO MICHAEL GONCALVES with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and (b)(1)(B) (Counts I and II), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count III), felon in possession in violation of 18 U.S.C. § 922(g) (Count IV), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count V).

The elements of Count I are as follows:

First, that defendant on or about May 3, 2006 possessed cocaine base, either actually or constructively;

Second, that he did so with a specific intent to distribute the cocaine base over which he had actual or constructive possession; and,

Third, that he did so knowingly and intentionally.

If the jury finds the government proved each of the above elements beyond a reasonable doubt, then the jury must answer the following question:

Did the offense involve 50 grams or more of cocaine base?

The elements of Count II are as follows:

First, that defendant on or about May 3, 2006 possessed cocaine base, either actually or constructively;

Second, that he did so with a specific intent to distribute the cocaine base over which he had actual or constructive possession; and,

Third, that he did so knowingly and intentionally.

If the jury finds the government proved each of the above elements beyond a reasonable doubt, then the jury must answer the following question:

Did the offense involve 5 grams or more of cocaine base?

The elements of Count III are as follows:

First, that defendant on or about May 3, 2006 possessed cocaine, either actually or constructively;

Second, that he did so with a specific intent to distribute the cocaine base over which he had actual or constructive possession; and,

Third, that he did so knowingly and intentionally.

The elements of Count IV are as follows:

First, that the defendant has been convicted of a crime punishable by a term of imprisonment exceeding one year;

Second, that the defendant possessed the firearm described in the indictment; and,

Third, that the firearm was connected with interstate commerce.

The elements of Count V are as follows:

First, that the defendant committed a drug trafficking crime, and,

Second, that the defendant possessed a firearm in furtherance of the commission of that crime.

II. Factual Summary

The government expects the evidence in this case to show the following:

On May 3, 2006, agents and officers with the High Intensity Drug Trafficking Area (HIDTA) Taskforce executed search warrants at 83-85 Pomona Avenue, Providence, Rhode Island and 406 West Avenue, Pawtucket, Rhode Island, two residences used by the defendant.

Prior to executing the warrants, Special Federal Officer (SFO) Scott Sullivan observed the defendant leaving 83-85 Pomona

Avenue. The defendant became aware of the surveillance and fled from law enforcement. The defendant fled to 406 West Avenue, where he abandoned the vehicle and fled on foot. Agents chased the defendant until he ran into a fence, fell to the ground and began assaulting the officers who were attempting to arrest him. Eventually the defendant was subdued, and the warrants were executed.

In 83-85 Pomona Avenue agents found a carafe with crack cocaine residue, scales, baggies, cutting agents and 92 grams of cocaine base, crack. Additionally, during the execution of the search warrant at 406 West Avenue, agents found 10 grams of cocaine base, crack. All of these items belonged to defendant and were utilized by him in the distribution of crack cocaine.

While searching the defendant's vehicle, agents found a .45 caliber Sig Sauer P220 handgun, SN G31255, that traveled in interstate commerce. The gun was loaded with seven hollow-point bullets and the hammer was cocked back with a round in the chamber. In the gas cap of the vehicle, agents found 65 grams of cocaine powder that the defendant intended to distribute. The defendant, who has been convicted of an offense punishable by more than one year, possessed the Sig Sauer handgun in furtherance of his crack cocaine business.

All drug samples were sent to the Rhode Island Forensic Science Laboratory where they were tested and weighed.

III. Legal Issues

A. Fed.R.Evid. 404(b)

To the extent it is not intrinsic to the offenses charged, the government intends to introduce evidence that the defendant, PEDRO MICHAEL GONCALVES, was convicted in 2001 of Manufacture/Possess/Deliver Schedule I/II Controlled Substance, Cause No. P2-2001-1460A. This evidence is offered to prove the defendant's knowledge, intent and motive to distribute narcotics seized from his stash house and his residence. See United States v. Landrau-Lopez, 444 F.3d 19, 23-24 (1st Cir. 2006) (allowing testimony regarding the defendant's prior drug dealings with a witness to show knowledge and intent); United States v. Manning, 79 F.3d 212, 217 (1st Cir. 1996) ("[W]hen charges of drug trafficking are involved, this court has often upheld the admission of evidence of prior narcotics involvement to prove knowledge and intent."); United States v. Hadfield, 918 F.2d 987, 995 (1st Cir. 1990) (affirming the district court's decision to admit the defendants' prior drug convictions because such convictions were probative of knowledge, intent and the working relationship between defendants).

B. Agent Opinion Evidence

The government will offer the testimony of law enforcement personnel, in particular SFO Scott Sullivan, who will testify, based on their extensive experience and training in the field of narcotics trafficking, to the methods and operation unique to

narcotics trafficking and to techniques used by law enforcement in a narcotics investigation. Specifically, agents may testify to the price of cocaine base and cocaine; the manner in which cocaine and crack cocaine are manufactured, packaged, sold and used; the equipment used in narcotics trafficking; and, the "code", as well as other tactics used by drug dealers, to evade detection by law enforcement.

The First Circuit has consistently upheld the introduction of this type of agent testimony. See United States v. Maher, 454 F.3d 13, 23-24 (1st Cir. July 6, 2006) (upholding the admission of agent testimony regarding the meaning of words and numbers used in "Post It" notes seized from the defendant's vehicle, and testimony regarding the typical packaging of narcotics); United States v. Ayala-Pizarro, 407 F.3d 25, 28-29 (1st Cir. 2005) (affirming the district court's decision to admit agent testimony regarding the packaging of narcotics and how drug points operate); United States v. Reynoso, 336 F.3d 46, 49 (1st Cir. 2003) (opinion that drug quantity was consistent with possession with intent to distribute); United States v. Villarman-Oviedo, 325 F.3d 1, 13 (1st Cir. 2003) (in a narcotics case, agent allowed to testify to meaning of code words); United States v. Rivera-Rosario, 300 F.3d 1, 17 (1st Cir. 2002) (coded drug phrases); United States v. Valle, 72 F.3d 210, 214-15 (1st Cir. 1995).

Experienced investigators may also be "permitted to testify as experts on topics such as the structure of a criminal enterprise, the economics of the drug trade, and the handling of contraband." United States v. Sepulveda, 15 F.3d 1161, 1183-84 (1st Cir. 1993); United States v. Hensel, 699 F.2d 18, 38 (1st Cir.) (general practices of drug smugglers), cert. denied, 461 U.S. 958 (1983).

C. Fingerprint Analysis

The government will introduce the testimony of Mr. Omer Frappier and Detective John H. Grassel, experts in the recovery, analysis and comparison of fingerprints. Mr. Frappier conducted a fingerprint comparison, and identified the defendant as the individual convicted of Manufacture/Possess/Deliver Schedule I/II Controlled Substance, Cause No. P2-2001-1460A, an offense punishable by a term of imprisonment exceeding one year. Detective Grassel analyzed the evidence seized for fingerprints; however, the prints recovered lacked sufficient ridge detail for identification purposes.

## IV. Requested Voir Dire and Jury Instructions

The government will file its proposed voir dire questions and jury instructions under separate cover.

V. Witness and Evidence List

The government will submit a witness and evidence list under separate cover prior to the commencement of trial.

VI. Estimated Time of Trial

The government estimates that it will take three days to conduct the trial.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE,
UNITED STATES ATTORNEY

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

**CERTIFICATE OF SERVICE**

On January 29, 2007, I caused the within "Government's Trial Memorandum" to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. David Cooper
127 Dorrance Street
Providence, Rhode Island 02903
(401) 273-1880

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj