IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-062ML |
| | ) | |
| PEDRO MICHAEL GONCALVES | ) | |

GOVERNMENT'S PROPOSED INSTRUCTIONS

The United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Sandra R. Beckner, Assistant United States Attorney, proposes the attached jury instructions in addition to the general instructions.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

**CERTIFICATE OF SERVICE**

On January 29, 2007, I caused the within "Government's Proposed Jury Instructions" to be filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. David Cooper
127 Dorrance Street
Providence, Rhode Island 02903
(401) 273-1880

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

FLIGHT AFTER ACCUSATION/CONSCIOUSNESS OF GUILT

Intentional flight by a defendant after he [was accused of the crime for which he or she is now on trial][1], may be considered by you in the light of all the other evidence in the case. The burden is upon the government to prove intentional flight. Intentional flight after a defendant is accused of a crime is not alone sufficient to conclude that he or she is guilty. Flight does not create a presumption of guilt. At most, it may provide the basis for an inference of consciousness of guilt. But flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt. In your consideration of the evidence of flight, you should consider that there may be reasons for the defendant's actions that are fully consistent with innocence.

It is up to you as members of the jury to determine whether or not evidence of intentional flight shows a consciousness of guilt and the weight or significance to be attached to any such evidence.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.10 and Comment (2); see United States v. Luciano-Mosqueraz, 63 F.3d 1142, 1156 (1st Cir. 1995) (flight instruction appropriate where defendants fled from the crime scene); see United States v. Antoine, 125 F.3d 842 (1st Cir. 1997) (unpublished).

[1] The government recommends substituting language to the effect of, "encountered police while leaving 83-85 Pomona Avenue."

WILLFUL BLINDNESS AS A WAY OF SATISFYING "KNOWINGLY"

In deciding whether the defendant acted knowingly, you may infer that defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that defendant was aware of a high probability that the safe contained cocaine. Second, that the defendant consciously and deliberately avoided learning of that fact. That is to say, the defendant wilfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be deliberate effort to remain ignorant of the fact.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.15.

## CAUTION - PUNISHMENT

If defendant is found guilty, it will be the Court's duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

See Fifth Circuit Criminal Jury Instructions, § 1.20.

POSSESSION WITH THE INTENT TO DISTRIBUTE

Defendant is accused of possessing cocaine base on or about May 3, 2006 intending to distribute it to someone else. It is against federal law to have cocaine base in your possession with the intention of distributing it to someone else. For you to find defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that defendant on that date possessed cocaine base[2], either actually or constructively;

Second, that he did so with a specific intent to distribute the cocaine base over which he had actual or constructive possession; and

Third, that he did so knowingly and intentionally.

It is not necessary for you to be convinced that defendant actually delivered the controlled substance to someone else, or that he made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession what he knew was cocaine base and that he intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be

[2] Count III alleges possession with intent to distribute cocaine.

inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that defendant possessed a quantity of heroin—more than that which would be needed for personal use—then you may infer that defendant intended to distribute heroin. The law does not require you to draw such an inference, but you may draw it.

The term "possess" means to exercise authority, dominion or control over something.

If you find defendant guilty, you will also have to answer one or more questions concerning the quantity of the substance involved, which may affect the potential sentence.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.21.841(a)(1).

POSSESSION OF A FIREARM IN OR AFFECTING COMMERCE BY A CONVICTED FELON

Defendant is charged with possessing a firearm in or affecting commerce after having been convicted of a crime punishable by imprisonment for more than one year. It is against federal law for a convicted felon to possess a firearm that was connected with interstate or foreign commerce. For you to find defendant guilty of this crime, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

First, that defendant has been convicted in any court of at least one crime punishable by imprisonment for a term exceeding one year. I instruct you that the crime of Manufacture/Possess/Deliver Schedule I/II Controlled Substance is such a crime. [*Alternative:* The parties have stipulated that defendant has been convicted of a crime which is punishable by imprisonment for a term exceeding one year. You are to take that fact as proven.]

Second, that defendant knowingly possessed the firearm described in the indictment. The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.

Third, that the firearm was connected with interstate or foreign commerce. This means that the firearm, at any time after

it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the indictment and need not have been in furtherance of any unlawful activity.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

Possession also includes both sole and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.18.922(g).

POSSESSION OF A FIREARM IN FURTHERANCE
OF A DRUG TRAFFICKING CRIME

Defendant is accused of possessing a firearm in furtherance of a drug trafficking crime. It is against federal law to possess a firearm in furtherance of a drug trafficking crime. For you to find defendant guilty of this crime, you must be satisfied that the government has proven each of the following things:

First, defendant committed the crime of possession with the intent to distribute cocaine or cocaine base described in Counts I, II and III of the indictment; and

Second, defendant knowingly possessed a firearm in furtherance of the commission of that crime.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident.

A defendant's possession of a firearm is "in furtherance of" a crime if the firearm possession made the commission of the underlying crime easier, safer or faster, or in any other way helped the defendant commit the crime. There must be some connection between the firearm and the underlying crime, but the firearm need not have been actively used during the crime.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.18.924.