**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR-06-62ML** |
| | : | |
| | : | |
| **PEDRO MICHAEL GONCALVES** | : | |

**Defense Counsel's Voir Dire**

(1) The indictment is not evidence of guilt. On the contrary it's a written accusation. It serves to inform the defendant of the charges against him.

(2) The United States Attorney Sandra R. Beckner must establish the guilt of the accused beyond a reasonable doubt, a heavy and difficult burden to sustain.

(3) The burden of proof never shifts to the defendant.

(4) The defendant is under no obligation to testify and no adverse inference may be drawn if he does not do so.

(5) A prior criminal conviction may be considered along with other relevant factors in deciding whether the defendant's testimony is truthful. Under no circumstances may it be considered as evidence of guilt. A man with a prior conviction is entitled to the same fair trial, the same presumption of innocence as anyone else.

(6) The second is that the defendant is presumed innocent. Pedro Michael Goncalves sits there before you, wrapped in a mantle of innocence, placed there in accordance with one of the most fundamental ideas in American justice. The mantle never leaves him, unless, at the conclusion of the entire case, after weighing all the

evidence, you are convinced that the United States Attorney has proven his guilt beyond a reasonable doubt.

(7) That brings me to the third principle. Not only does the United States Attorney bear the sole burden of proof in this case, but she must adduce so much proof as to extinguish the last reasonable doubt in your mind.

(8) Fourth, no matter what the United States Attorney does or does not do, the burden of proof never shifts to the accused.

(9) What all this means is that our system of justice recognizes that it is only just that if the Government levels an accusation of a crime the Government should have the burden of proving it. Mr. Cooper could sit down now and never stir for the rest of the trial, never ask a single question, and if the United States Attorney, failed to persuade you all of the guilt of the Pedro Michael Goncalves beyond a reasonable doubt, it would be your sworn duty to acquit the defendant.

(10) Is there any prospective juror whose judgment in this case would be influenced against the defendant if the defendant does not choose to testify?

(11) Do I have your assurance that if Pedro Michael Goncalves does not testify in this case that it will not affect your judgment of this case in any way?

(12) If Pedro Michael Goncalves does not take the stand, will you think to yourself, "He heard the testimony; he should have testified." Or will you follow the principle of American justice that says no adverse inference may be drawn from the fact that the defendant does not testify?

(13) If the defendant elects to testify you will learn that he has a previous conviction for a criminal offense. The law says that you may not consider the defendant's

prior conviction as evidence of guilt. However, if he elects to testify, you may take it into account in judging his credibility.

(14) Is there anyone here who would be so adversely influenced by the fact that the defendant has been in trouble that they could no sit as a fair and impartial juror?

(15) Do I have your assurance that the fact that the defendant has a previous conviction will not prevent you from maintaining an open mind?

(16) If Pedro Michael Goncalves does not testify in this case, would you disconcert you so that you could not judge this case impartially?

(17) The testimony of a police officer, as you have already heard, is to be treated the same that of any other witness. A uniform does not make a man. We must penetrate the uniform and evaluate the testimony of the man who wears it. We scrutinize his claims as we would those of any other human being. Is there any prospective juror who is unwilling to accept that principle?

(18) Have you ever been associated with the Pawtucket Police, Rhode Island State Police, the F.B.I., the Federal Alcohol, Tobacco and Firearms, the United States Attorney's office, or any other law enforcement agency?

(19) Do you have any friends or relatives who are associated with any law enforcement agency?

(20) Have you ever had occasion to call upon a police office for assistance?

(21) Have you ever witnessed a crime?

(22) Have you or any family member ever been the victim of a crime.

(23) Have you or any family members ever used cocaine, heroin, marijuana or any other illegal drugs.

(24) Does anybody have any family members who are drug users or drug addicts?

(25) Do you belong to any clubs or an organization that takes a position about drug users or drug addicts?

(26) Obtain background information about each prospective juror:

(a) Marital status;

(b) Whether the prospective juror has any children;

(c) The prospective juror's occupation;

(d) The occupation of the prospective juror's children if any;

(e) Whether the prospective juror has ever served on a jury before;

(f) Was the case a civil or criminal case? What was the charge? Did the jury deliberate? Did they reach a verdict?;

(g) Whether the prospective juror has ever served on a grand jury;

(h) Whether the prospective juror was ever employed by any law enforcement agency or ever performed and any voluntary services on behalf of any law enforcement agency;

(i) Whether the prospective juror has any friends or relatives in the police department or any other law enforcement agency;

(j) Whether the prospective juror has ever had to call upon the police for assistance;

(k) Whether the prospective juror was ever the victim of a crime;

(l) Whether the prospective juror has ever studied law;

(m) Whether the prospective juror has any relatives or friends who are lawyers.

(27) Discuss key concepts of a fair trial:

(a) The defendant is presumed to be innocent;

(b) The burden of proof is on the Government, it never shifts to the accused;

(c) Unless the Government establishes, the guilt of the accused beyond a reasonable doubt, the jury must return a verdict of "not guilty";

(d) The defendant is under no obligation to testify; by entering a plea of "not guilty" he has already asserted his innocence.

By His Attorney:

DAVID A. COOPER, #1981
COOPER LAW ASSOCIATES
127 Dorrance Street, 2nd Floor
Providence, RI 02903
(401) 273-1880
Fax # (401) 331-2336