UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| Vs. | ) | |
| | ) | CR-06-62ML |
| | ) | |
| PEDRO MICHAEL GONCALVES | ) | |
| Defendant | ) | |

# MOTION FOR NEW TRIAL

**Relief Sought**

The defendant, Pedro Michael Goncalves, moves this Honorable Court under Fed. R. Crim. P.33 to grant him a new trial on the following grounds:

**Grounds for Relief**

1. **The court erred in denying the defendant's motion for acquittal made at the conclusion of the evidence.**

The defendant made a motion for judgment of acquittal based upon the lack of evidence connecting the defendant to the apartments at 83-85 Pomona Avenue in the City of Providence and 406 West Avenue in the City of Pawtucket. Specifically, the defendant contends that there was no evidence offered at the trial indicating that he had personal knowledge that the drugs were located at 83-85 Pomona Avenue in the City of Providence.

In addition, the defendant contends that there was no evidence offered to indicate that the drugs found at 406 West Avenue, which totaled approximately 10 grams, was possessed with intent to distribute and should have been submitted to the jury on the amended charge of simple possession of a controlled substance of cocaine base. The evidence at the trial did not support a jury verdict that the defendant possessed the .45 caliber firearm founded in the Lincoln Continental or that he had knowledge that the firearm was under the hood of the vehicle. In addition, the evidence did not support the contention that the firearm was used in a drug trafficking offense since there was no evidence that the firearm was ever in the defendant's hands or that he ever exercised control over the firearm.

2. **The verdict is contrary to the weight of the evidence.**
The defendant contends that the jury misinterpreted the evidence finding him guilty on all five counts of the indictment. Detective Richard Ruggiero should not have been allowed to generalize in his testimony concerning people who carry two cell phones, being in the business of selling drugs. Detective Ruggiero's broad sweeping conclusions that two cell phones means a person is in the business of selling drugs is not supported by the evidence produced at trial and because of the weight of the introduction of that evidence, the jury returned a verdict contrary of the evidence.

3. **The verdict is not supported by substantial evidence.**
The government submitted no evidence that supported the verdict returned by the jury. The defendant contends that in every element of each count of the indictment the government failed to prove that the defendant had knowledge that the drugs found in the Lincoln Continental and the two apartments were possessed with intent to distribute. The government was unable to show that the defendant had knowledge that the drugs found in the Lincoln Continental, and at 83-85 Pomona Avenue were possessed by the defendant with the intent to be delivered. Detective Ruggeiro testified that the drugs found at 83-85 Pomona Avenue could have been there three months or three days and he would not have a way of determining how long the drugs had been present in the apartment. He also testified that he was unfamiliar with the odor of crack cocaine when being cooked and that he did not smell any unusual odors when he went to 83-85 Pomona Avenue. The verdict is not supported by substantial evidence. The jury found the defendant guilty based on the fact that he was in possession of two cell phones and also on the fact that the defendant was speeding through the City of Providence, while fleeing from police. Although evidence of flight might be consistent with guilt, it is also consistent with a number of other factors including Pedro Michael Goncalves being wanted by police on an outstanding warrant pending in Superior Court.

4. **The court erred in sustaining objections in questions addressed to the witnesses,** Detective Ruggiero, Detective Sullivan, Detective Caddy, and other witnesses called by the Government to testify at the trial.

5. **The court erred in admitting testimonies of witnesses, Detective Sullivan and Detective Ruggiero to which objections were made.**
Detective Sullivan and Detective Ruggiero were allowed to testify in broad sweeping terms, that anyone possessing 10 grams of crack, in fact, possessed it with the intent to distribute it. It was clear from the testimony at trial that 406 West Avenue was not searched from top to bottom but only the defendant's bedroom and the basement. There were other rooms in the house but there was no testimony offered as to whether or not any attempts were made to search these rooms.

6. **The court erred in charging the jury and in refusing to charge the jury as requested.**
The defendant requested the charge on simple possession of crack cocaine with regard to the drugs found at 406 West Avenue. The court concluded that the facts did not warrant the charge being given. The court further erred by charging the jury with joint possession of drugs. The charge of joint possession of drugs should have been made if, in

fact, there were more than one defendant on trial for the possession of the drugs. The fact that the defendant alleges that another individual, who was unindicted, possessed the drugs, does not support the jury being instructed on joint possession. By instructing the jury on joint possession the jury was led to believe that if Mr. Fernandez, in fact, possessed the drugs; and if Mr. Goncalves was at the apartment at various times, he must have also been a joint possessor of the same drugs. The defendant contends that the charge of joint possession and constructive possession of a controlled substance should not have been given. The defendant feels that the charge of joint possession also applied to the firearm found in the automobile. Thus, if the jury was to believe that the firearm was possessed by another individual, they would also have concluded that Mr. Goncalves jointly possessed the firearm with whoever owned the firearm previously.

7. **The defendant was substantially prejudiced and deprived of a fair trial by reason of the following circumstances:**

Telephone records of Mr. Fernandez and Mr. Crosby were allowed to be introduced at the trial without being previously disclosed to the defendant during discovery. The police were now allowed to draw inferences that the defendant was in possession of two cell phones and must be selling drugs. The police should have been precluded from testifying or offering any evidence that a person in possession of two phones must therefore be selling drugs. This broad sweeping accusation tainted the trial and prejudiced the defendant before the jury. Hector Olivo testified that he was the landlord of 83-85 Pomona Avenue. The government subpoenaed Mr. Olivo and was aware that he had a rent receipt book and that the name in the rent receipt book were that of Eugene Fernandez and not Pedro Michael Goncalves. The government produced this witness knowing that the receipt book would be exculpatory and failed to have Mr. Olivo produce the receipt book or disclose it to the defense prior to Mr. Olivo taking the witness stand. The government also had Mr. Olivo produce a telephone number that he attributed to Mr. Pedro Michael Goncalves. That telephone number had not been previously disclosed to the defendant prior to Mr. Olivo taking the witness stand. Mr. Goncalves therefore could not adequately cross exam Mr. Olivo as to when he got the phone number, when it was given to him or his wife, and the jury heard testimony about that phone number, which also contributed to Mr. Goncalves being found guilty.

**WHEREFORE,** the defendant in the above entitled matter prays for this Honorable Court to grant his Motion for a New Trial because the interest of justice so requires.

Defendant,
Pedro Michael Goncalves,
By and through his Attorney,

____________________________

David A. Cooper, # 1981
Cooper Law Associates
127 Dorrance Street
Providence, RI 02903

401-273-1880



## CERTIFICATION

I, hereby certify that I mailed a copy of the within motion to the following on the 6th day of March, 2007;

______________________________

Sandra R. Beckner
U.S. Assistant Attorney General
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001