Revised 4/06

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TO: **David A. Cooper, Esq.**

RE: **CR 06-062ML**

**USA** v **Pedro Michael Goncalves**

**ORDER**

I have reviewed your document(s) presented to the Clerk's Office, **electronically filed on March 6, 2007,** and have made the following determination:

_____ I hereby direct the Clerk to file the document(s) in the form in which it was presented to the Court.

_✓_ Your document(s) are hereby refused and returned to you for the following reason(s):

_✓_ 1. (Pleadings, motions, other papers are not signed in accordance with Administrative Procedure 9(c) (Fed. R. Civ. P. 11(a)) (DRI LR Cv 5(a)(5)) (DRI LR Cr 57(a)(4)).) **No electronic signatures appear on signature lines for the motion and the certification.**

_____ 2. Memorandum of law must accompany all motions and objections, with the exceptions of Motions to Compel and Motions to Extend Time. (DRI LR Cv 7 (a)).

_____ 3. New cases must be accompanied by:
a) Civil Cover Sheet (DRI LR Cv 5 (b));
b) Summons (Fed. R. Civ. P. 4(a), (b));
c) Filing fee of $350.00 (28 U.S.C. § 1914) or $5.00 for Petitions for Habeas Corpus filed under 28 U.S.C. § 2254 and 28 U.S.C. § 2241.

_____ 4. Papers will not be accepted for filing without a certificate of service. (Fed. R. Civ. P. 5(d)) (DRI LR Cv 5.1(a)(1)) (Fed. R .Crim. P. 49).

_____ 5. Interrogatories and Answers or Objections thereto (Fed. R. Civ. P. 33), Initial Disclosures, Admissions, and Requests for Production, Responses, and Objections (Fed. R. Civ. P. 26(a), 34, and 36) shall NOT be filed with the Court. A party moving to compel (Fed. R. Civ. P. 37 (a)(2)), shall file all pertinent portions of discovery material with the motion and copies (DRI LR Cv 37(a)).

_____ 6. All Checks must be made payable to **Clerk, U.S. District Court.**

_____ 7. Motion to Appear Pro Hac Vice not in the proper form and/or does not include a check in the amount of $50.00 payable to Federal Board of Bar Examiners. (DRI LR Gen 204(d)).

_____ 8. Text of all memoranda in support of motions, objections, and replies shall be double-spaced and typed in at least 12-point font. (DRI LR Cv 7(d)(1) and Cr 47(d)(1)).

_____ 9. Any pleading or other document asserting a claim or counterclaim of any type shall include the full caption showing the names of all parties. (DRI LR Cv 5(a)(1).

_____ 10. Other: __________

ENTER:

David L. Martin

United States Magistrate Judge
cc: Counsel of Record

Date: 3-7-07

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| Vs. | ) | |
| | ) | CR-06-62ML |
| | ) | |
| PEDRO MICHAEL GONCALVES | ) | |
| Defendant | ) | |

**MOTION FOR NEW TRIAL**

**Relief Sought**

The defendant, Pedro Michael Goncalves, moves this Honorable Court under Fed. R. Crim. P.33 to grant him a new trial on the following grounds:

**Grounds for Relief**

1. **The court erred in denying the defendant's motion for acquittal made at the conclusion of the evidence.**

The defendant made a motion for judgment of acquittal based upon the lack of evidence connecting the defendant to the apartments at 83-85 Pomona Avenue in the City of Providence and 406 West Avenue in the City of Pawtucket. Specifically, the defendant contends that there was no evidence offered at the trial indicating that he had personal knowledge that the drugs were located at 83-85 Pomona Avenue in the City of Providence.

In addition, the defendant contends that there was no evidence offered to indicate that the drugs found at 406 West Avenue, which totaled approximately 10 grams, was possessed with intent to distribute and should have been submitted to the jury on the amended charge of simple possession of a controlled substance of cocaine base. The evidence at the trial did not support a jury verdict that the defendant possessed the .45 caliber firearm founded in the Lincoln Continental or that he had knowledge that the firearm was under the hood of the vehicle. In addition, the evidence did not support the contention that the firearm was used in a drug trafficking offense since there was no evidence that the firearm was ever in the defendant's hands or that he ever exercised control over the firearm.