UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS

Docket #: CR 06-00062-01ML

PEDRO MICHAEL GONCALVES

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR NEW TRIAL**

## I. Statement of the Facts

On May 2, 2006, Detective Scott Sullivan obtained warrants to search 406 West Avenue and 83 Pomona Avenue for drugs and weapons. The warrants to search the home allege that the Defendant, Pedro Michael Goncalves, was "storing and distributing crack cocaine from his apartment located at 83-85 Pomona Avenue 3rd Floor Providence, RI and storing and distributing cocaine from 406 West Avenue 1st Floor in Pawtucket, RI. No warrant was issued to search the Mr. Goncalves's vehicle.

On May 3, 2006, Detective Sullivan watched Mr. Goncalves leave 83-85 Pomona Avenue in a white Lincoln Continental. Detective Sullivan, along with Detective Philbin and Special Agent Cady, followed the Lincoln Continental in an unmarked police vehicle. Mr. Goncalves drove from the residence at Pomona Avenue to 406 West Avenue. When he arrived on West Avenue, a marked police cruiser was parked on West Avenue with its emergency lights flashing. Mr. Goncalves parked the Continental in the driveway of 406 West Avenue, exited the vehicle, and ran to the rear of the house. Then Mr. Goncalves ran to the front of the house, while being chased by two uniformed Pawtucket Police Officers. He then ran away from the house, crossing the street. The police apprehended Mr. Gonclaves on the other side of the street. As the police officer or agent grabbed Mr. Goncalves, he fell against a fence which was clearly more than One Hundred (100) feet away from the Lincoln Continental and the house.

Mr. Goncalves was placed in the back of a police cruiser while the police entered 406 West Avenue. The police found ten grams of cocaine base in the house. At no time did Mr. Goncalves approach the hood of the vehicle or the gas cap. The police then searched the interior and exterior compartments of the Lincoln Continental that Mr. Goncalves had been driving. The officers recovered a loaded .45 caliber handgun wrapped in a t-shirt, under the hood of the vehicle in the engine compartment. In addition, one plastic bag containing 66.85 grams of powder cocaine was discovered inside the locked gas cap of the vehicle. In order to open the gas cap, the police had to use the release next to the driver's seat inside the vehicle.

## II. Argument

### 1. <u>The court erred in denying the defendant's motion for acquittal made at the conclusion of the evidence.</u>

The government has not produced sufficient evidence from which a reasonable jury could have found the Defendant guilty of possession of a firearm in furtherance of a drug trafficking offense under 18 USC § 924. This statute provides that any person who, "in furtherance of [a drug trafficking crime] possess a firearm, shall [...] be sentenced to a term of imprisonment of not less than five years." 18 USC § 924(c)(1)(A). To convict a defendant under 18 USC § 924 the government must prove that (1) the defendant committed the underlying drug trafficking crime (2) that he knowingly possessed a firearm (3) that he did so in furtherance of the specified drug trafficking crime. *United States v. Delgado-Hernandez*, 420 F.3d 16, 24 (1st Cir. 2005). The proffered evidence fails on all three respects.

#### i. There is insufficient evidence that the defendant committed the underlying drug trafficking offense.

The underlying drug trafficking offense was possession of narcotics and possession of narcotics with the intent to distribute. There is not sufficient evidence in the record to prove either of these offenses.

It can hardly be shown that the Defendant "possessed" the drugs within the meaning of the statute because there has been no showing that he had knowledge that the cocaine was concealed in the gas cap or that there were drugs in the house at 406 West Avenue. To show constructive possession, the government must show that the Defendant "*knowingly* has the power and intention to exercise power and dominion over the area where the [contraband] is found." *United States v. McLean*, 409 F.3d 492, 501 (1st Cir. 2005); *United States v. Robinson*, 473 F.3d 387, 399 (1st Cir. 2007) (emphasis added). Knowledge must be fairly inferable from the circumstances. *United States v. Robinson*, 473 F.3d 387, 399 (1st Cir. 2007) (*citing United States v. Zavala Maldonado*, 23 F.3d 4, 7 (1st Cir. 1994)). If there is insufficient evidence from which knowledge of the presence of the contraband can be inferred, then the government has failed to show that the Defendant constructively possessed the contraband. *See McLean*, 409 F.3d at 502. In the present case, the government has produced no evidence from which knowledge of the presence of the drugs concealed in the gas cap can be shown.

In *United States v. McLean*, the Court found that there was insufficient evidence that the Defendant had knowledge of the pistol concealed in the closet. 409 F.3d at 502-03. The defendant did not stay in the room in which the weapon was found, and was not present when the co-conspirators obtained the weapon. *Id.* at 503. Even though the Defendant was aware that his co-conspirators were interested in acquiring weapons is not sufficient evidence that the Defendant knew that his co-conspirators had actually purchased the weapons. *Id.* Likewise, in the present case there is no evidence that Mr. Goncalves had personal knowledge of the drugs in the house, or the drugs in the gas cap area.

**ii. There is insufficient evidence that the Defendant knowingly possessed the firearm found in the engine compartment of the Lincoln Continental.**

To show constructive possession of a firearm, the government must show that the Defendant "*knowingly* has the power and intention to exercise power and dominion over the area where the weapon is found." *McLean*, 409 F.3d at 503; *Robinson*, 473 F.3d at 399 (emphasis added). This may be established by showing that the Defendant knows or has reason to know that the firearm is within easy reach, so that he can take actual possession virtually at will. *Robinson*, 473 F.3d at 399 (*citing United States v. Lamare*, 711 F.2d 3, 5-6 (1st Cir. 1983)). Knowledge must be fairly inferable from the circumstances. *Id.* (*citing United States v. Zavala Maldonado*, 23 F.3d 4, 7 (1st Cir. 1994)). If there is insufficient evidence from which knowledge of the presence of the weapon can be inferred, then the government has failed to show that the Defendant constructively possessed the firearm. *See McLean*, 409 F.3d at 501. In the present case, the government has produced no evidence from which knowledge of the presence of the weapon can reasonably be inferred.

The Court has often inferred knowledge of weapons in a particular location from a Defendant's movement toward that location. *See Robinson*, 473 F.3d at 392. In *United States v. Robinson*, the Court of Appeals for the First Circuit held that there was sufficient evidence that the defendant *knowingly possessed* the weapon found in the engine compartment of the vehicle in furtherance of a drug trafficking crime. 473 F.3d at 399. The police found two loaded semi-automatic pistols wrapped in a T-shirt and hidden inside a small space in the engine compartment near the front of the hood of the vehicle. *Id.* at 392. The government produced evidence that the defendant moved toward the hood of the car and attempted to retrieve something from under the hood. *Id.* Although, there was additional evidence from which knowledge could be inferred, the Court relied heavily on the evidence of the Defendant's movement near the weapon, finding it sufficient to show that the Defendant knew of the presence of the weapon in the engine compartment. *Id.* Unlike the Defendant in *Robinson*, at no time did Mr. Goncalves approach the hood of the vehicle, which housed the weapon. *See id.* at 399. At no time during the police observation of Mr. Goncalves's actions did they observe Mr. Goncalves approaching the hood of the vehicle. In fact, when he was apprehended Mr. Goncalves was more than One Hundred (100) feet away from both the vehicle and the house.

In *United States v. Cruz*, the Court found that there was sufficient evidence that the defendant *knowingly* possessed a firearm within the meaning of 18 USC § 924. *United States v. Cruz*, 352 F.3d 499, 510 (1st Cir 2003) (emphasis added). The police saw the defendant place a pillow case filled with four loaded weapons and ammunition in a garbage can. *Cruz*, 352 F.3d at 502. The defendant was later apprehended with drugs on his person. *Id.* The Court found the evidence sufficient for a reasonable jury to have concluded that the defendant possessed the machine guns because he was seen handling the pillowcase. *Id.* at 510. Unlike the defendant in *Cruz*, Mr. Goncalves was never seen in possession of the weapon in question. *See id.* at502. The government has produced no witness that saw Mr. Goncalves handling the weapon or hiding the weapon under the hood of the vehicle at any time.