In fact, the only evidence that the government produced was the fact that the defendant was driving the vehicle in which the weapon was found. But that in and of itself is not sufficient to show knowledge of the presence of the weapon under the hood of the car. Therefore, the evidence is insufficient to show that the Defendant knowingly possessed the weapon.

**iii. There is insufficient evidence that the firearm was possessed "in furtherance of" a drug trafficking offense.**

Even if the evidence is sufficient to show that the defendant knowingly possessed the firearm, there is no evidence that the firearm was possessed in furtherance of a drug trafficking offense within the meaning of 18 USC § 924. The statute requires the government to clearly show that a defendant possessed the firearm "to promote or advance the commission of the underlying offense." 18 USC § 924(c)(1)(A); *see United States v. Grace*, 367 F.3d 29, 35 (1st Cir. 2004) (*quoting* H.R. Rep. No. 105-344, at 11-12 (1997)); *Robinson*, 473 F.3d at 399. Mere presence of the firearm in the place where the criminal act takes place is not enough. *United States v. Felton*, 417 F.3d 97, 104 (1st Cir. 2005); *Robinson*, 473 F.3d at 399; *Delgado-Hernandez*, 420 F.3d at 27-28. There must also be some sufficient nexus between the firearm and the drug trafficking offense. *Robinson*, 473 F.3d at 399; *Delgado-Hernandez*, 420 F.3d at 25 (Noting that the "in furtherance of" element required more than a connection between the possession of the firearm and the underlying offense.) To make this determination the Court must consider whether the firearm was loaded, whether the firearm was easily accessible, the proximity of the firearm to the drugs, and other surrounding circumstances. *Robinson*, 473 F.3d at 400 (*citing United States v. Cruz*, 352 F.3d 499, 509 (1st Cir 2003)).

The presence of the weapon in the same place as the drugs that comprise the underlying drug trafficking offense is often indicative that the weapon is being possessed in furtherance of the drug offense. *See United States v. Luciano*, 329 F.3d 1, 6 (1st Cir. 2003); *see also United States v. Garner*, 338 F.3d 78, 81 (1st Cir. 2003). In *United States v. Luciano*, the Court of Appeals for the First Circuit held that there was sufficient evidence to convict the defendant of possession of a firearm *in furtherance of* a drug trafficking crime where the drugs and the guns with loaded magazines were found in the same crawl space. 329 F.3d at 6 (emphasis added). Because the weapons were found in the same crawlspace as the drugs which comprised the underlying drug trafficking offense, there was a sufficient nexus between the weapons and the drug trafficking offense to satisfy the "in furtherance of" element. *Id.* Given the proximity of the firearms and the loaded magazines to the significant stockpile of heroine, the Court had no difficulty concluding that there was a sufficient nexus between the drug trafficking crime and the firearms to sustain a conviction under § 924. *Id.*.

Likewise in *United States v. Garner*, the Court of Appeals for the First Circuit held that there was sufficient evidence that the defendant possessed the weapon *in furtherance of* a drug trafficking crime. *Garner,* 338 F.3d at 81 (emphasis added). The police found both the firearm and the drugs in the same hole in the basement wall. *Id.*. The Court relying on *Luciano*, held that there was a sufficient nexus between the drugs and the firearm to show that the firearm was possessed in furtherance of the drug trafficking offense. *Id.*; *accord Luciano*, 329 F.3d at 6. Unlike the weapons in *Luciano*

and *Garner*, found in the same space as the drugs, the weapon in the present case was found under the hood of the car, while the drugs were found locked in the gas cap. *See Garner*, 338 F.3d at 81; *see also Luciano*, 329 F.3d at 6.

Evidence of the presence of the weapon may be sufficient to satisfy the "in furtherance of" element only if the presence of the weapon combined with the surrounding circumstances, show that the weapon might be used to protect the underlying conspiracy. *See Felton*, 417 F.3d at 106; *see also Robinson*, 473 F.3d at 400. In *United States v. Robinson,* the Court found sufficient evidence of a nexus, where the Defendant had the drugs on his person and was seen standing outside the car opening the hood where the weapon was hidden, and the firearms were within close proximity of the drugs. *Robinson*, 473 F.3d at 400. In *United States v. Felton,* the Court of Appeals for the First Circuit held that there was sufficient evidence that the defendant possessed the weapon *in furtherance of* a crime of violence where the evidence supported a finding that the weapon would be used to protect the conspiracy. 417 F.3d at105 (emphasis added). The loaded pistol was found in the open and in the same room in which the bomb making equipment was found. *Id.* In addition there was evidence that the Defendant had purchased the weapon for "protection from anyone who tried to interfere with her plan." *Id.* No such evidence was produced in the present case.

A showing that the weapon is possessed to protect drugs or drug proceeds from theft is a sufficient showing of a nexus between the weapon and the drug trafficking offense to satisfy the requirement that the firearm be possessed in furtherance of the underlying drug offense. *See Grace*, 367 F.3d at 32; *see also Cruz*, 352 F.3d at 510; *cf. Felton*, 417 F.3d at 105. In *United States v. Cruz*, the police had seen defendant handling the pillowcase full of weapons, while in possession of drugs, with other parties who were armed with pistols at the time. 352 F.3d at 510. The Court held that the jury could reasonably infer that the weapons were concealed in the garbage can as an added safety measure during an anticipated drug transaction. *Id.*.

In *United States v. Cruz*[1], the Court found that there was sufficient evidence to find that the Defendant possessed a weapon "in furtherance of" a drug trafficking offense. 352 F.3d at 510. The police saw the defendant place a pillow case filled with four loaded weapons and ammunition in a garbage can and attempt to cover it with garbage. *Id.* at 502. The defendant was later apprehended with a sidearm in his possession. *Id.* Although the defendant's weapon was not found with the drugs in the usual sense, the jury could reasonably conclude that his weapon was possessed in furtherance of the drug trafficking offense. *Id.* at 510. The weapon was loaded, easily accessible, in close proximity to the drugs, and the defendant was in a known drug area, standing near an individual who was carrying drugs. *Id.* From all these fact, the jury could reasonably infer that the weapons were concealed in the garbage can as an added safety measure during the anticipated drug transaction. *Id.* Again, there is no such evidence in this case.

The government has produced no evidence from which a reasonable jury could find that the weapon was possessed "in furtherance of" the underlying drug trafficking offense.

5. **<u>The Court erred in admitting the testimony of Detective Sullivan and Detective Ruggiero to which objections were made.</u>**

---

[1] United States v. Cruz, was a joint trial of two co-conspirators.

Detectives Sullivan and Ruggiero should not have been allowed to testify in broad, sweeping terms that anyone possessing ten grams of crack in fact possessed it with the intent to distribute it. This was an inference for the jury to draw based on the evidence presented. The Court has held that the intent to distribute drugs can be interred from a Defendant's possession of more drugs than one person would have for himself. *Lopez v. Gonzalez*, 127 S.Ct. 625, 629 (2006). The question of whether ten grams of cocaine is more than one person would have for himself is one for the jury.

WHEREFORE, for all the foregoing reasons, the Defendant, Pedro Michael Goncalves, prays that this Honorable Court vacate his conviction and grant a new trial.

Respectfully Submitted,
Pedro Michael Goncalves,
By His Attorney,

<u>/s/David A. Cooper</u>
David Cooper, Esq.
R.I.Reg 1981
127 Dorrance Street
Providence, Rhode Island 02903

**CERTIFICATION OF SERVICE**

I hereby certify that on this 13th day of June, 2007, this document has been sent to the following individuals.

Sandra Beckner
Assistant Attorney General