**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-062ML** |
| | : | |
| **PEDRO MICHAEL GONCALVES** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR A NEW TRIAL**

The defendant filed a supplemental memorandum in support of his motion for a new trial raising the same arguments he made in his previous motions for a new trial. Accordingly, the government asks the Court to consider its first response to defendant's motions for a new trial (Docket #77) in evaluating the merit of the defendant's supplemental memorandum, as well as the instant response.

The defendant's primary claim is that there was insufficient evidence to support the jury's conclusion that the defendant committed a drug trafficking offense, that he knowingly possessed the firearm, and that he possessed the firearm in furtherance of the drug trafficking offense. Contrary to his contention, the government's evidence introduced at trial clearly supports the jury's verdict.

To summarize, the government proved that the defendant was observed leaving his stash house on Pomona Street by officers with the High Intensity Drug Trafficking Area (HIDTA) Taskforce.

Upon noticing the officer's surveillance, the defendant fled, suggesting his guilty knowledge.

Eventually the defendant was arrested and two cellular phones and over $1,000 was seized from his person. According to agent testimony, cellular phones are tools of the trade in the drug business, especially when such phones are in other individuals names such as was the case here.

In the defendant's vehicle, the officers found 65 grams of cocaine hidden in the gas cap of the defendant's vehicle. According to agents 65 grams is a quantity typically held for distribution. Additionally, agents testified that cocaine is used to manufacture crack cocaine, the type of narcotics seized from the defendant's bedroom and stash house. The officers also found a loaded handgun, with a round in the chamber, and the hammer cocked back, hidden in the engine compartment of the vehicle. Agents testified that firearms are a tool of the trade in the drug business.

Officers found money and 10 grams of crack cocaine in the defendant's bedroom. This is a quantity typically held for distribution according to agents. The officers did not find any evidence of crack cocaine use in the defendant's residence.

Finally, in the defendant's stash house, the officers found 92 grams of crack cocaine, materials used in the cooking and packaging of crack cocaine, and personal items of the

defendant's, to include 52 photographs of the defendant on vacation.

Given the location of the drugs in the defendant's residence, vehicle, and apartment, and the fact that a large amount of money was seized, along with common tools of the trade such as phones, a firearm, and trafficking paraphernalia, there was ample evidence that the defendant knowingly possessed the drugs. His behavior on the day in question further corroborates the jury's finding that the defendant knowingly possessed the drugs with the intent to distribute.

Likewise, there is more than sufficient evidence to support the jury's finding that the defendant knowingly possessed the firearm in furtherance of his drug trafficking activity. Once again the defendant's behavior is suggestive of knowledge. Furthermore, the location of the handgun, in the engine compartment of the defendant's vehicle, is also evidence of knowledge. The defendant was transporting drugs and a large amount of money at the time he was traveling with a handgun in his vehicle. See United States v. Robinson, 473 F.3d 387, 400 (1st Cir. 2007) (firearm stored in engine compartment of vehicle during drug deal constitute possession in furtherance of drug trafficking). Moreover, the condition of the handgun, i.e., loaded, round in the chamber, and the hammer cocked back, supports the jury's conclusion that the handgun was used for

protection in the defendant's drug trafficking. The location of the firearm in proximity to the drugs and drug proceeds is evidence that the defendant possessed the firearm in furtherance of his drug trafficking. See United States v. Grace, 367 F.3d 29, 35 (1st Cir. 2004). The location evidence in conjunction with the condition of the gun, the defendant's behavior, and the expert testimony of the officers regarding tools of the trade, all support the verdict.

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's motion for a new trial.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATION

On June 14, 2007, I caused the within "Government's Response to Defendant's Supplemental Memorandum in Support of Motion for a New Trial" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. David Cooper
127 Dorrance Street
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj