**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**VS.** **Docket #: CR 06-00062-01ML**

**PEDRO MICHAEL GONCALVES**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

I. THE GOVERNMENT SHOULD BE REQUIRED TO PRODUCE DOCUMENTS WITHIN ITS POSSESSION THAT DISCUSS THE GOVERNMENT'S STRATEGY FOR DETERMINING WHETHER AN INFORMATION SHOULD BE FILED UNDER 21 USC 851 BECAUSE SUCH DOCUMENTS ARE MATERIAL TO THE DEFENSE.

According to Rule 16[a][1][E][i] of the Federal Rules of Criminal Procedure, the defendant is entitled to inspect, copy or photograph documents and items within the government's possession, custody or control upon a showing that the items are material to the preparation of the defense. Fed. R. Crim. P 16[a][1][E][i]; *United States v. Amaya-Manzanares*, 377 F.3d 39, 42 (1st Cir. 2004); *United States v. Carrasquillo-Plaza*, 873 F.2d 10, 13 (1st Cir. 1989).

a. The documents are material because they will show a pattern of discriminatory abuse of discretion in the filing of informations under 21 USC 851.

The documents sought are material to the defendant's challenge to the information filed against him under 21 USC 851. The documents will show that the United States Attorney's Office abuses its discretion by disproportionately filing the information under 851 against racial and ethnic minorities. Discretionary prosecutorial decisions are subject to the same constitutional standards and may not be based on unjustifiable standards such as race, religion, or other arbitrary classifications. *United States v. Armstrong*, 517 U.S. 456, 464 (1996).

In *United States v. Carrasquillo-Plaza*, the Court of Appeals for the First Circuit held that the defendant's pretrial request for discovery lacked the requisite prima facie showing of the materiality of the requested materials where the defendant made no specific mention of certain material in his request. *Carrasquillo-Plaza*, 873 F.2d at 12.

b. An Equal Protection challenge to an information filed under 21 USC 851 is a "defense" within the meaning of Rule 16 of the Federal Rules of Criminal Procedure.

In *United States v. Armstrong*, the United States Supreme Court held that the defendant had not made the required showing to entitle him to discovery under Rule 16 where the defendant sought the discovery of material in aid of a claim of selective prosecution on the basis

of race. *Armstrong*, 517 U.S. at 470. The Court in this case defined "defense" as it is use in Rule 16 as "the defendant's response to the Government's case in chief," and found that a selective prosecution claim was not a defense, but an independent claim for relief. *Id.* at 462. Because of high standard of proof in selective prosecution claims, the Court required a similar standard for entitlement to discovery in support of such a claim. *See id.* at 465. The Court required the defendant to make a prima facie showing that similarly situated individuals of a different race were not prosecuted. *Id.* Unlike the defendant in *Armstrong*, the defendant in this case seeks to use Equal Protection as a defense to the information filed under 851. *See id.* Therefore, the requisite showing of materiality does not require that the defendant show that the Government failed to file an information under 851 against individuals of a different race who were similarly situated before he is entitled to the requested documents.

In *United States v. Brinson*, the Court of Appeals for the Sixth Circuit the defendant did not request the material for his "defense" within the meaning of the word in Rule 16. *United States v. Brinson*, 208 Fed. App'x. 420, 424 (6th Cir. 2006). The defendant filed a motion for discovery pursuant to Rule 16[a][1][E]. *Id.* at 423. He requested that the government be ordered to produce evidence of pre-sentence reports of each of his co-conspirators, the motion for departure filed as to each defendant and any written policies used in the determination of sentencing recommendations based on defendant's assistance. *Id.* The Court noted that the defendant was not seeking the material in order to prepare a defense as is required by the rule, because when he filed the discovery motion he had already plead guilty. *Id.* The defendant in this case, seeks the material in aid of a challenge to the filing of an 851. Neither the First Circuit Court of Appeals, nor the Supreme Court of the United States has held that this is not a defense within the meaning of Rule 16. Indeed, the defendant seeks to defend against his sentence enhancement on the basis of the Government's violation of his right to Equal Protection.

Therefore, the defendant is entitled to the discover of the materials set out in the enclosed discovery motion.

Respectfully Submitted,
Pedro Michael Goncalves,
By His Attorney,

/s/David A. Cooper
David Cooper, Esq.
R.I.Reg 1981
127 Dorrance Street
Providence, Rhode Island 02903

## CERTIFICATION OF SERVICE

I hereby certify that on this 29th day of June, 2007, this document was sent to the following individuals.

Sandra Beckner
Assistant U.S. Attorney