**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 06-062ML** |
| | : | |
| **PEDRO MICHAEL GONCALVES** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

The defendant requests production of a range of documents, to include information from Presentence Reports and photographs of defendants who are not related to this case. The thrust of the request is to generate data from which to argue defendant's already formed, though factually unsupported premise, i.e., that the enhancement pursuant to 21 U.S.C. § 851 filed in his case was filed for an improper purpose. He is not entitled to such information under the law and the Court should deny his request.

In United States v. Armstrong, 517 U.S. 456 (1996), the Supreme Court struck down a district court order directing the government to produce the following information in response to a defense claim of selective prosecution: "(1) to provide a list of all cases from the last three years in which the Government charged both cocaine and firearms offenses, (2) to identify the race of the defendants in those cases, (3) to identify what levels of law enforcement were involved in the investigations of those cases, and (4) to explain the criteria for deciding to prosecute those defendants for federal cocaine offenses." Id. at 459. Observing that such orders "divert prosecutors' resources

and may disclose the Government's prosecutorial strategy," and that they may "impair the performance of a core executive constitutional function," the Court erected a "rigorous standard" for deciding whether they are justified in individual cases. Armstrong, 517 U.S. at 465, 468. The Court held that there must be at least "some evidence" that the contested charging decision was "discriminatory" in both "effect" and "intent." Id. at 468-69. The "effect" prong of the test requires a showing "of differential treatment of similarly situated members of other races or protected classes." Id. at 470; see also United States v. Magana, 127 F.3d 1, 8 (1st Cir. 1997) (applying Armstrong).

The Supreme Court has since made clear that Armstrong applies with equal force to government decisions concerning sentencing-related filings. In a case where the government filed a notice of intent to seek the death penalty, the Court summarily reversed an order requiring the government to produce information concerning its "capital charging practices," notwithstanding a claim of racial bias. United States v. Bass, 536 U.S. 862, 863 (2002) (per curiam). The Court reiterated that the government could be compelled to provide such information only upon a showing of "some evidence of both discriminatory effect and discriminatory intent." Id. at 863. Addressing the "effect" prong, the Court stated: "Even assuming that the Armstrong requirement can be satisfied by a nationwide showing (as opposed

to a showing regarding the record of the decisionmakers in respondent's case), raw statistics regarding overall charges say nothing about charges brought against similarly situated defendants." Id. at 864 (emphasis in original). Moreover, the Court repeated its concern that compelling the production of information "threatens the 'performance of a core executive constitutional function.'" Id.[1]

In the present case, defendant has made a completely unsupported claim that "the United States Attorney's Office abuses its discretion by disproportionately filing the information under 851 against racial and ethnic minorities" without one scintilla of proof that such is the case. Under Armstrong, a bald assertion such as defendant's does not warrant discovery. See Armstrong, 517 U.S. at 469.

To obtain a court order compelling the government to produce the documents sought, the defendant must allege that the government's § 851 charging decision was motivated by an unconstitutional purpose. Then, the defendant must support his claim by "some evidence" of a discriminatory effect and a discriminatory intent. Armstrong, 517 U.S. at 459-470; Bass, 536

[1] See also United States v. Thorpe, 471 F.3d 652, 657-666 (6th Cir. 2006) (applying two-prong Armstrong and Bass test); In re United States, 397 F.3d 274, 282-87 (5th Cir.) (per curiam) (applying Armstrong and Bass and striking down order requiring government to produce evidence concerning its capital-charging practices), cert. denied, 544 U.S. 911 (2005).

U.S. at 863-864 (applying Armstrong to sentencing-related filings). It is clear, defendant has not met his burden.

Defendant further argues that the holding in Armstrong does not prevent such an unbridled and unwarranted fishing expedition because he claims his equal protection rights have been violated by this unproven "discriminatory animus" held by the government. He provides and the government is unaware of any law which supports defendant's contention that his equal protection argument trumps Armstrong and Bass. The only issue that could arguably be raised by the information the defendant seeks is why the government filed an information pursuant to 21 U.S.C. § 851 against this defendant and not other defendants. That is, the only manner in which the documents sought by the defendant have a direct impact upon his case would be to claim selective prosecution, but he has not met his burden under Armstrong to obtain such documents. See Armstrong, 517 U.S. at 459-470.

As a final matter, the defendant requests the production of the documents pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(1). Rule 16(a)(1)(E)(1), however, is inapposite; it deals with production of documents material to the government's case-in-chief, not to sentencing matters based upon statutory enhancements. See Fed.R.Cr.P. 16(d)(1); see also Armstrong, 517 U.S. at 460 (holding that Fed.R.Cr.P. 16 provided the defendant with access to documents that are material to a defense against

the government's case-in-chief). The defendant does not explain how this rule is applicable to his request, nor can the government fathom its applicability.

Once again, his claim that an equal protection argument unaccompanied by proof of discriminatory effect and intent entitles him to broad ranging discovery, is unsupported by the law. For the foregoing reasons, this Court should deny the defendant's request for production of documents.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2007, I caused the within "Government's Response to Defendant's First Request for Production of Documents" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. David Cooper, Esquire
127 Dorrance Street
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj