IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | C.A.NO.: 06-062ML |
| v. | : | |
| | : | |
| | : | |
| PEDRO MICHAEL GONCALVES | : | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S OBJECTION TO THE DEFENDANT'S FIRST MOTION FOR PRODUCTION OF DOCUMENTS**

Now comes Defendant, in the above captioned matter, and files this Reply to the Government's objection to the Defendant's First Motion for Production of Documents.

**Background**

On June 29, 2007, Defendant filed a Request for Production of Documents seeking information concerning, *inter alia*, information about individuals prosecuted by the United States Attorney's Office for drug offenses who received a sentence enhancement under 21 USC § 851. Additionally, Defendant filed a Memorandum of Law arguing that the information sought was material to the defense, that it would show a pattern of discriminatory abuse of discretion in the filing of informations under 21 USC §851, and in light of the Equal Protection Clause of the United States Constitution.

The Government has objected to Defendant's motion, arguing that the Defendant is simply not entitled to the information sought under the law and that the Court should deny his request.

At this juncture, Defendant submits this Memorandum in support of his arguments the information sought in the request for production is discoverable.

## I. THE LEGAL STANDARD FOR DISCOVERY REGARDING SELECTIVE PROSECUTION

The Supreme Court established the threshold for discovery on selective prosecution claims in United States v. Armstrong, 517 U.S. 456 (1996). The Court held that to obtain discovery in a case in which the court is asked to infer discriminatory purpose, a defendant must produce (1) some evidence that similarly situated individuals have not been prosecuted, and (2) some evidence of improper motivation in deciding to prosecute. The Court did not decide whether a defendant should be required to produce some evidence that similarly situated persons have not been prosecuted if the prosecution has admitted having a "discriminatory purpose." Id. at 469 n.3.

In United States v. Tuitt, 1999 WL 791927 (D.Mass. 1999), the trial court ordered that the defendant be provided discovery under far less compelling circumstances. In Tuitt, the defendant's attorney compared four counties within the judicial district over a four-month period and found a **statistically significant difference between the crack cocaine prosecutions** brought in federal court and the crack cocaine prosecutions brought in state court. See id. at *4. **Tuitt held that this showing was enough to meet the Armstrong standard where "Defendant is simply attempting to gain discovery so that he can more adequately determine whether a selective prosecution claim might indeed be viable."** Id. at * 11. Mr. Goncalves claim meets the showing demanded by this circuit.

Similarly, in United States v. Glover, 43 F. Supp. 2d 1217 (D. Kan. 1999), the court granted discovery on a selective prosecution claim regarding imposition of the death penalty where the defense provided far less evidence on either prong of the Armstrong test. In Glover, the defendant presented some statistical evidence that over a

three-and-one-half-year period, "the Attorney General authorized a greater number of black defendants for death-penalty prosecution than white defendants." Id. at 1234. The court found that this evidence, coupled with evidence that two other similarly-situated defendants were not prosecuted in federal court, was enough to permit discovery.

WHEREFORE, this Defendant should be permitted to obtain the discovery he seeks in this matter.

Respectfully Submitted,
Pedro Michael Goncalves,
By His Attorney,

/s/David A. Cooper_______
David A. Cooper, Esquire
R.I. Reg. 1981
127 Dorrance Street
Providence, Rhode Island 02903

**CERTIFICATION OF SERVICE**

I hereby certify on this 26 day of July, 2007, that I caused a true copy of the within to be electronically filed to : Sandra Beckner, Assistant United States Attorney, U.S. Attorney's Office, 50 Kennedy Plaza, Providence, Rhode Island 02903.

/s/ David Cooper__________